UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS L D'AQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1246** |
| **FEDEX CORP.** | **SECTION: M (1)** |

ORDER

On July 9, 2025, the Court denied plaintiff Thomas L. d'Aquin's Motion to Proceed in District Court without Prepaying Costs (Rec. Doc. 4) on the grounds that the documentation submitted with his application indicated that he had sufficient funds to pay the filing fee. On July 11, 2025, Mr. d'Aquin moved for reconsideration. Rec. Doc. 5. He has submitted a Long Form application, a new Short Form application, and some documentation reflecting his income, expenses, debts, and checking account balance. Rec. Docs. 5, 10, 12. The Court held an evidentiary hearing on August 13, 2025, at which time Mr. d'Aquin provided sworn testimony regarding his financial condition and explaining some of the documents he submitted and some of the discrepancies the Court observed between his financial status representations in this as well as other lawsuits filed in this Court around the same time period as the present suit.

Upon consideration of the testimony and evidence in the record, the Court concludes that Mr. d'Aquin has established that he is unable to pay the filing fee and he is entitled to proceed without prepayment of costs under 28 U.S.C. § 1915, Accordingly,

IT IS ORDERED that the Motion for Reconsideration (Rec. Doc. 5) is GRANTED[1] and Mr. d'Aquin is granted leave to proceed without prepayment of costs.

---

[1] To the extent Mr. d'Aquin's submission of additional documentation at Rec. Doc. 12 is considered a Motion for Reconsideration, that Motion is also GRANTED.

1

IT IS FURTHER ORDERED that the Clerk of Court is directed to withhold issuance of summons until further order of the Court.

IT IS FURTHER ORDERED that, for the reasons detailed below, Mr. d'Aquin SHOW CAUSE by **Wednesday, September 17, 2025** as to why this case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-iii) for failing to state a claim on which relief may be granted and/or for lack of subject matter jurisdiction.

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, Plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face. See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015)).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
>
>> (B) the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curium) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when 'the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.'" *Id.* (quoting *Harris*, 198 F.3d at 156).

"To determine if a complaint fails to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard "applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

3

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Here, Mr. d'Aquin alleges that FedEx Corporation and its delivery driver Ashley (last name unknown) have repeatedly engaged in "package misdeliveries, fabrication of delivery photos, and racial hostility." Rec. Doc. 1. He purports to assert claims for "repeated acts of willful negligence, fraud, and racial discrimination." Id.  He invokes this Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and purports to assert a class action, but he does not invoke any substantive federal law.

Critically, Mr. d'Aquin's Complaint is devoid of any specific factual allegations. His assertions of package misdeliveries, fabrication of delivery photos, and racial hostility are conclusory and generic. These mere allegations cannot give rise to a plausible claim for relief. When and how was he injured? Who was involved? Further, Mr. d'Aquin's claims for negligence and fraud appear to arise only in state law. But he alleges no facts to support the conclusion that the amount in controversy exceeds $75,000, or that the citizenship of the parties is completely diverse.[2] The factual and legal basis for his racial discrimination claim remains entirely unclear.

Additionally, because Mr. d'Aquin is proceeding pro se without the assistance of counsel, a class action is likely not available to him. See Williams v. Solar Alternatives, Inc., No. CV 23-2533, 2023 WL 4931853, at *3 (E.D. La. Aug. 2, 2023), report and recommendation adopted, No.

---

[2] This Court has original jurisdiction over civil actions where (1) the amount in controversy exceeds $75,000, **and** (2) the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). To meet the diversity of citizenship requirement, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988).

CV 23-2533, 2023 WL 6121796 (E.D. La. Sept. 19, 2023) ("Plaintiff, as an unlicensed lay person, is incapable of prosecuting class claims on behalf of others without an attorney.").

On the complaint as written, it appears that Plaintiff has failed to state a claim on which relief may be granted and/or that this Court lacks subject matter jurisdiction over his claims. Accordingly,

**IT IS ORDERED** that on or before **Wednesday, September 17, 2025**, Plaintiff Thomas L. d'Aquin **shall file a response containing a written statement of his position** concerning this Court's Show Cause Order, including an explanation of the claims he is attempting to assert against each Defendant and the facts supporting such claims against each Defendant as well as the legal basis for this Court's jurisdiction. The failure to respond in writing as directed will result in the dismissal of the captioned complaint for failure to state a claim on which relief may be granted and/or for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that there will be NO ORAL HEARING, and the matter will be deemed under advisement on the briefs on Wednesday, September 17, 2025.

New Orleans, Louisiana, this 18th day of August, 2025.

                                                  Janis van Meerveld
                                        United States Magistrate Judge