UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS L. D'AQUIN                                    CIVIL ACTION

VERSUS                                              NO. 25-1246

FEDEX CORPORATION                                   SECTION M (1)

## <u>ORDER & REASONS</u>

Before the Court is a motion filed by defendant FedEx Corporation ("FedEx") seeking

dismissal under Rules 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim)

of the Federal Rules of Civil Procedure.[1]  Plaintiff Thomas L. d'Aquin, who is proceeding *pro se*,

responds in opposition,[2] and FedEx replies in further support of its motion.[3]  Having considered

the parties' memoranda, the record, and the applicable law, the Court grants the motion because

this Court lacks personal jurisdiction over FedEx.

## I.    BACKGROUND

This case concerns allegations of misdelivered packages and racial discrimination.

D'Aquin filed this suit against FedEx alleging that "its employee, delivery driver Ashley,

[committed] repeated acts of willful negligence, fraud, and racial discrimination" by "repeated

---

[1] R. Doc. 33.

[2] R. Doc. 34.  A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted).  Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and the substantive law.  *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)).  "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there."  *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

[3] R. Doc. 36.

package misdeliveries, fabrication of delivery photos, and racial hostility."[4]  D'Aquin elaborated in document that the Court construed as an amended complaint, that "FedEx repeatedly failed to deliver [his] packages, including essential medication and a $2,500 settlement check," "falsely marked [packages] as delivered," and used its "proprietary system … to generate a false 'proof of delivery' at a location that was not [his] address."[5]  He further alleges that the FedEx driver has "made racial remarks about [him] in the past, and is closely associated with individuals who are named in [his] pending EEOC action."[6]  D'Aquin claims that he "lost valuable property, including a pair of $300 shoes and essential medications" and has "endured emotional distress and financial hardship."[7]

## II.     PENDING MOTION

FedEx moves for dismissal under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[8]  With respect to personal jurisdiction, FedEx argues that it has insufficient contacts with Louisiana to subject it to either general or specific personal jurisdiction within the state.[9]  FedEx supports its contentions with the declaration of Brandon L. Waits, its vice president of human resources.[10]  Waits states that FedEx is incorporated in Delaware and maintains its principal place of business in Tennessee.[11]  From January 1, 2018, through May 31, 2024, FedEx was the parent company of Federal Express Corporation ("FedEx Express") and FedEx Ground Package Systems, Inc. ("FedEx Ground"), owning 100% of the stock in both companies.[12]  Effective June 1, 2024, FedEx Ground was merged

---

[4] R. Doc. 1 at 1.
[5] R. Doc. 22 at 1.
[6] *Id.*  There is no further information provided about the supposed EEOC action.
[7] *Id.* at 2.
[8] R. Doc. 33.
[9] R. Doc. 33-2 at 1, 5-11.
[10] R. Doc. 33-1.
[11] *Id.* at 2.
[12] *Id.*

into FedEx Express.[13]  FedEx does not have any employees or operations in Louisiana, does not offer shipping services, does not employ or contract with any delivery drivers, and has had no involvement in supervising FedEx Express or FedEx Ground's employees or package delivery services.[14]  FedEx is a separate corporate entity from FedEx Express, which has its own personnel, executives, corporate structure, and bylaws.[15]  With these facts, FedEx says it has no contacts with Louisiana, much less contacts sufficient to subject it to personal jurisdiction, and that, as a mere holding company that does not ship packages, it is not the proper defendant.[16]  Alternatively, FedEx argues that d'Aquin's barebones complaint should be dismissed under Rule 12(b)(6) because it fails to meet the minimum pleading standards of Rule 8 of the Federal Rules of Civil Procedure.[17]  Specifically, FedEx contends that the complaint fails "to identify any existing policy, procedure, or agreement" between the parties, fails to provide "tracking numbers or dates of expected deliveries," fails to "identify the alleged driver, provide any specifics about the 'racial remarks,' including when they were made, or provide any detail related to the 'pending EEOC claim.'"[18]  Thus, FedEx requests that, if the Court declines to dismiss d'Aquin's complaint, the Court order d'Aquin to provide a more definite statement addressing these pleading deficiencies.[19]

In opposition, d'Aquin argues that he "identified [the d]efendant through the FedEx delivery system, including FedEx door tags, delivery notices, tracking information, customer service contracts, and FedEx branding used in connection with the deliveries at issue."[20]  He also contends that his claims are not vague, citing the following additional facts: (1) "[b]etween

---

[13] *Id.*
[14] *Id.* at 2-3.
[15] *Id.* at 2.
[16] R. Doc. 33-2 at 1, 5-11.
[17] *Id.* at 11-13.
[18] *Id.* at 12.
[19] *Id.* at 12-13.
[20] R. Doc. 34 at 1.

approximately May and August, multiple Walgreens shipments containing [his] cancer medication … were allegedly misdelivered or not delivered properly," resulting in "stress, anxiety, hardship, and concern regarding his treatment," (2) "[i]n approximately June a pair of Adidas shoes valued at approximately $300 was allegedly misdelivered," (3) "[o]n or about June 21, a settlement check in the amount of $2,500 was allegedly misdelivered," subsequently replaced, but delivered late, and (4) he "was unable to obtain meaningful assistance or corrective action" from FedEx customer service regarding these issues.[21]  D'Aquin requests leave to amend the complaint in the event that the Court finds that FedEx is not the proper defendant or that his complaint is otherwise deficient.[22]

FedEx replies, reasserting that this Court lacks personal jurisdiction over it for the reasons previously proffered.[23]  To that end, FedEx contends that granting leave to amend would be futile because d'Aquin cannot overcome that hurdle.[24]

## III.    LAW & ANALYSIS

### A. FedEx's Rule 12(b)(2) Motion

Rule 12(b)(2) confers a right to dismissal of claims against a defendant where personal jurisdiction is lacking.  Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation and alteration omitted).  When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  The allegations of the complaint, except as

---

[21] *Id.*
[22] *Id.* at 1-3.
[23] R. Doc. 36 at 1-8.
[24] *Id.* at 3-7.

controverted by opposing affidavits, must be taken as true, and all conflicts must be resolved in favor of the plaintiff.  *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution.  *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019).  Because Louisiana's long-arm statute extends to the limits of due process, the two inquiries collapse into the single inquiry whether the exercise of personal jurisdiction comports with due process.  *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

An individual's liberty interest is protected by federal due process through the requirement "that individuals have 'fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (alteration omitted) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).  For purposes of personal jurisdiction, the due-process inquiry looks at whether the defendant has purposefully availed itself of the benefits and protections of the forum state through "minimum contacts" with the forum, and whether the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The inquiry thus focuses "on the nature and extent of the defendant's relationship to the forum State."  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quotation omitted).

"There are two kinds of personal jurisdiction: 'general or all-purpose jurisdiction' and 'specific or case-linked jurisdiction.'"  *Daughtry v. Silver Fern Chem., Inc.*, 136 F.4th 210, 215 (5th Cir. 2025) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)); *see also Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  For a court to exercise general jurisdiction, the defendant's contacts with the forum must be "so continuous and systematic" as to render the defendant "at home" in the forum state.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citing *Goodyear*, 564 U.S. at 919).  "'For an individual, the paradigm forum for the exercise of general jurisdiction is an individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'"  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear*, 564 U.S. at 924).

Pursuant to these principles, FedEx is not subject to general jurisdiction in Louisiana. FedEx is incorporated in Delaware and maintains its principal place of business in Tennessee.[25] FedEx offers proof that it has no presence in Louisiana.[26]  And d'Aquin has presented no contrary evidence showing that FedEx has "continuous and systematic" contacts with Louisiana as would subject it to general jurisdiction in the state.  The Court turns then to the question whether FedEx is subject to specific jurisdiction in Louisiana.

Specific jurisdiction exists when a defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action.  *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021).  In analyzing specific jurisdiction, courts employ a three-prong test to determine (1) whether the defendant purposefully directed its activities at the forum and availed itself of the privilege of doing business there, (2) whether the claim arises out of or results from the defendant's forum-related contacts, and (3) whether the exercise of personal jurisdiction is reasonable and fair.  *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895-96 (5th Cir. 2022).  After the plaintiff establishes the first two factors, which correspond with the "minimum contacts" prong of *International Shoe*, the burden shifts to the defendant to demonstrate that an exercise of personal

---

[25] R. Doc. 33-1 at 2.
[26] *Id.*

jurisdiction would be unfair or unreasonable. *Burger King*, 471 U.S. at 477 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). In determining reasonableness, a court considers "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987), as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen*, 444 U.S. at 292. Specific jurisdiction is a claim-specific inquiry, and a court must analyze each defendant's forum-related contacts on a claim-by-claim basis. *Savoie v. Pritchard*, 122 F.4th 185, 194 (5th Cir. 2024); *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495-96, 500 (5th Cir. 2022) (separately analyzing personal jurisdiction for intentional tort claims and breach-of-contract claims); *see also Ecigrusa LLC v. Silver State Trading LLC*, 2022 WL 1321573, at *4 (N.D. Tex. May 3, 2022).

FedEx submits that it has not purposefully directed its activities toward Louisiana and has not availed itself of the privilege of engaging in commercial business in that forum.[27] Indeed, FedEx, a holding company, does not conduct any business in Louisiana, much less delivery services.[28] In opposition, d'Aquin argues that he identified FedEx as the defendant based on customer-facing materials he encountered. This is insufficient to show that he sued the right defendant much less that FedEx is subject to specific jurisdiction for this action. For example, d'Aquin does not explain how the materials indicate that FedEx, as opposed to FedEx Express, was the proper party to sue. Indeed, FedEx has shown through Waits's affidavit (by attesting to

---

[27] *Id.*
[28] *Id.* at 2-3.

substantive details about the respective companies) that d'Aquin sued the wrong company. Therefore, d'Aquin's claims against FedEx must be dismissed for lack of personal jurisdiction.[29]

**B.  Leave to Amend**

D'Aquin seeks leave to amend his complaint to the extent the Court finds any pleading deficiencies. "Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile." *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) (internal citations omitted). Here, d'Aquin cannot in good faith amend his complaint to correct for the lack of personal jurisdiction over FedEx, thus making amendment futile. *Luna-Vides v. Carpenter*, 2025 WL 2374844, at *5 (S.D. Tex. June 10, 2025) (holding that leave to amend would be futile when personal jurisdiction was lacking), *adopted*, 2025 WL 2374843 (S.D. Tex. Aug. 15, 2025). Thus, d'Aquin's request for leave to amend is denied.

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that FedEx's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (R. Doc. 33) is GRANTED, and d'Aquin's claims against it are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 9th day of July, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[29] Because the Court holds that it does not have personal jurisdiction over FedEx, which is not the proper defendant, there is no need to address whether he has stated a plausible claim for relief.